BRENDALIS ROLDAN, )
)
    Plaintiff, )
)    2:25-MC-00032-DCLC-CRW
v. )
)
ELIZABETH WILDER, et al., )
)
    Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Brendalis Roldan's Motion for Reconsideration, Accounting, and Protective Custody of Evidence [Doc. 21]. Plaintiff asks the Court to reconsider its October 17, 2025 Memorandum Opinion and Order [Doc. 17], which denied her petition under Rule 27(a) of the Federal Rules of Civil Procedure and dismissed her case without prejudice. She also asks the Court to "reinstate limited jurisdiction over this docket," to direct an "inventory" of materials she has filed, "clarify whether evidence will remain sealed," to recognize her motion for leave to amend, and to refer this matter to the United States Department of Justice [Doc. 21, pg. 2-3]. Plaintiff identifies no intervening change in law, no newly discovered evidence, and no clear error in the Court's prior ruling. Her motion [Doc. 21] is **DENIED**.

## I.    BACKGROUND

As noted in the Court's prior order, Plaintiff is a party to a child custody proceeding in the Family Court of the City of New York, Bronx County. She sued in the United States District Court for the Southern District of New York, seeking a temporary restraining order and attempting to remove the child custody case to federal court. That court denied the restraining order and remanded the custody case back to state court in New York. Plaintiff then filed a petition in this

District under Rule 27(a), seeking to perpetuate testimony and to preserve documents in anticipation of claims under the False Claims Act, 42 U.S.C. § 1983, and the Americans with Disabilities Act [Doc. 1].

The Court denied the petition on October 17, 2025 [Doc. 17].  In denying her petition, the Court noted that Rule 27 is limited to preserving deposition testimony and does not authorize the preservation of audio recordings, transcripts, court records, or communications [Doc. 17, pg. 2-3]. The Court also noted that venue was improper in the Eastern District of Tennessee because Rule 27(a)(1) requires the petition to be filed in the district where the adverse party resides, and here the adverse parties reside in New York.  *Id.*  It held that the petition failed to name most of the intended deponents and failed to supply addresses for any of them.  And it held that the petition failed on the merits because Plaintiff identified no special circumstance warranting pre-litigation discovery. The Court dismissed the action without prejudice and denied the remaining motions as moot.

Plaintiff filed the present motion on November 7, 2025 [Doc. 21].

## II.     LEGAL STANDARD

A party may file a Rule 59(e) motion requesting the Court "to alter or amend a judgment [within] 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence." *Lamar OCI S. Corp. v. Tenn. Dep't of Transp*., No. 3:21-cv-226, 2022 WL 3052409, at *1 (E.D. Tenn. Aug. 2, 2022) (quoting *Helton v. ACS Grp*., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)).  For a court to grant a motion under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp*., 558 F.3d 461, 474 (6th Cir. 2009)

2

(quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)).  It is not a vehicle to relitigate matters already decided or to advance arguments that could have been raised earlier. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

## III.     ANALYSIS

### A.     The False Claims Act Sealing Provision Never Applied

In her motion, Plaintiff argues that the Court erred by "unseal[ing] this matter before the sixty-day confidentiality period expired," and that the disclosure violated protections afforded by the False Claims Act. [Doc. 21, pg. 1].  The False Claims Act requires that a qui tam complaint be filed in camera and remain under seal for at least sixty days and not served on the defendant until the court orders. 31 U.S.C. § 3730(b)(2). That provision permits a private party, known as a relator, to bring a qui tam civil action "for the person and for the United States Government" against the alleged false claimant, "in the name of the Government." 31 U.S.C. § 3730(b)(1). It affords the Government time to investigate the allegations and to decide whether to intervene. § 3730(b)(2), (b)(4).

Plaintiff filed no such action. She filed a petition under Rule 27(a) to perpetuate testimony. She did not bring a claim in the name of the United States, did not serve the complaint and written disclosure of material evidence on the Attorney General, and did not invoke § 3730 as the basis for her petition.  Her petition described claims under the False Claims Act that she anticipated filing in the future. But thinking about filing a qui tam action is not the same as filing a qui tam action.  Her argument that this Court prematurely unsealed her petition is without merit.

### B.     No Hearing Was Required

Plaintiff contends that the Court denied her an opportunity to be heard because it did not schedule a hearing before ruling. Rule 27 imposes no such requirement in these circumstances.

3

Rule 27(a)(2) directs that the petitioner serve notice and that the court hold a hearing where it is prepared to authorize the requested depositions. Rule 27(a)(3) provides that the court may issue an order authorizing depositions only if satisfied that perpetuating the testimony may prevent a failure or delay of justice. The hearing exists to protect expected adverse parties prior to being subjected to the discovery process.

The Court denied the petition on the pleadings without a hearing because the petition failed to comply with Rule 27. Plaintiff sought categories of evidence Rule 27 does not reach, in a district where no expected adverse party resides, against deponents it largely did not name, without addresses. Oral argument would not have altered those defects. The Court considered what Plaintiff filed and found it insufficient.

## C. The Court's Prior Rulings Disposed of the Remaining Motions

Plaintiff contends that the Court declared her motions moot without factual findings and without adequate explanation. As noted in the Court's prior order, the Court denied the Rule 27 petition, which was the sole basis for this miscellaneous action, and dismissed the case. The Court found that Plaintiff's other motions seeking relief ancillary to Plaintiff's initial petition require no further consideration. The Court's order resolved the case.

## D. Custody of Filed Materials

Plaintiff asks the Court to identify the current custodian of the materials she submitted and to confirm whether they remain preserved [Doc. 21, pg. 2]. Materials filed on this Court's docket remain filed on the Court's docket. To the extent Plaintiff is referring to any attachments to any of the pleadings she filed as part of her case, those documents remain on the Court's docket for the case.

### E. The Motion for Leave to Amend Does Not Reopen This Action

Plaintiff reports that she filed a motion for leave to amend on November 3, 2025, seeking to add defendants and allegations sounding in racketeering. No such motion appears on the Court's docket. To be sure, Plaintiff has filed a "Request for record verification and docket authentication" [Doc. 19] on October 27, 2025, a "Supplement" to that request [Doc. 20] on October 28, 2025, this motion [Doc. 21] on November 7, 2025, a notice to the clerk demanding "immediate assignment of ADA coordinator and Federal Case Management Coordinator" [Doc. 22], on November 20, 2025, a motion for complete case management file [Doc. 23] on December 5, 2025, and a motion to preserve evidence [Doc. 24] on December 5, 2025. No motion for leave to amend.

In any event, no amendment could cure the defects the Court identified with Plaintiff's petition. The expected adverse parties reside in New York, and no amendment changes where they live. Rule 27 does not reach documentary evidence, and no amendment changes what the Rule says.

### F. The Court Will Not Refer This Matter to the Executive Branch

Plaintiff asks the Court to refer this matter to the Department of Justice for oversight of asserted procedural irregularities [Doc. 21, pg. 3]. This Court declines such a referral. Plaintiff may communicate with any executive agency she chooses. She does not need this Court's assistance.

Plaintiff also cites *United States v. Nixon*, 418 U.S. 683 (1974), for the proposition that the Court retains inherent authority to correct omissions and preserve judicial records after dismissal. *Nixon* addressed the enforceability of a subpoena duces tecum against a sitting President and the scope of executive privilege. It says nothing about a district court's authority to supervise evidence in a dismissed miscellaneous action.

## IV. CONCLUSION

Plaintiff identifies no change in controlling law, no evidence that was previously unavailable, and no clear error. Her motion restates the arguments the Court rejected on October 17, 2025, and her new arguments raised in her motion are without merit. Plaintiff's Motion for Reconsideration, Accounting, and Protective Custody of Evidence [Doc. 21] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge